IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALPHONSO RAY SMALLWOOD,     ) | |
|        ) | |
|    Petitioner,     ) | |
|        ) | |
| v.     ) | Case No. 12-CV-407-GKF-TLW |
|        ) | |
| TERRY MARTIN, WARDEN,     ) | |
|        ) | |
|    Respondent.     ) | |

**BRIEF IN SUPPORT OF
MOTION TO DISMISS TIME BARRED PETITION**

Comes Now the Respondent and in support of his Motion to Dismiss Petition for Writ of Habeas Corpus as Time Barred, files the following brief in support.  For the reasons stated herein, Respondent respectfully asks this Court to dismiss the instant Petition pursuant to 28 U.S.C. § 2244(d).

**ARGUMENT AND AUTHORITY**

Petitioner's request for habeas corpus relief is barred by the statute of limitations contained within the Antiterrorism and Effective Death Penalty Act, "AEDPA", 28 U.S.C. § 2244(d).  The following dates are relevant to the disposition of this Motion:

    **JANUARY 8, 2007:**  Petitioner was sentenced on his plea of guilty to Trafficking in Illegal Drugs; Failure to Obtain Drug Tax Stamp and Possession of Paraphernalia in Tulsa County Case No. CF-2006-1426 (Exhibit 1, docket sheet).  The plea was pursuant to an agreement.

    **JANUARY 18, 2007:**  Petitioner's time for filing a Motion to Withdraw his Plea expired and his conviction became final.

    **JANUARY 19, 2007:**  Petitioner's statutory year began.

    **JUNE 14, 2007:**  Petitioner filed a Motion for Judicial Review and Sentence Modification which was denied by the District

  Court on **JUNE 21, 2007** (Exhibit 1, docket sheet; Exhibit 2 Motion and Exhibit 3 Order).

  **SEPTEMBER 12, 2007:** Petitioner filed a second request for Judicial Review and Sentence Modification (Exhibit 1, docket sheet, Exhibit 4 Motion).

  **JANUARY 19, 2008:** Petitioner's statutory year expired.

  **NOVEMBER 15, 2011:** Petitioner filed an Application for post-conviction relief. The Application was denied on **MARCH 16, 2012** (Order attached as Exhibit 5). Petitioner appealed the denial to the Court of Criminal Appeals (OCCA) and the denial was affirmed by the Court of Criminal Appeals on **JUNE 25, 2012**, in Case No. PC-12-337 (Order of the OCCA attached as Exhibit 6).

  **JULY 23, 2012:** The Petitioner filed this request for habeas relief.

Under Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18. App. (2001), the Petitioner had ten days from the time of his judgement and sentence to file an application to withdraw his guilty plea. Petitioner did not file such an application or otherwise appeal the conviction within the ten days provided. Accordingly, his judgement and sentence became final on January 18, 2007, ten days after his judgement and sentence was entered on January 8, 2007.

Petitioner's judgment and sentence was final after the Antiterrorism and Effective Death Penalty Act was signed into law therefore, Petitioner was afforded the one year from the time that his conviction became final. *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (Because the petitioner failed to file a motion to withdraw his guilty plea, his conviction became final ten days after the entry of his judgment and sentence) (*citing* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2001)). Petitioner's one year statutory time provided by § 2244(d) ran from January 19, 2007 until January 19, 2008. *Harris v. Dinwiddie*, 642 F.3d 902,

907 fn.6 (10th Cir. 2011) (the year begins to run the day after the judgement and sentence became final).

Petitioner did file two Motions for Judicial Review before his statutory year expired. The Tenth Circuit has held that a Motion for Judicial Review is not collateral relief as contemplated by Congress which would toll the limitations period. A Motion for Judicial Review does not toll the statute of limitations, as in Oklahoma a Motion for Judicial Review is not part of the appellate process and is only a form of discretionary review. *Phillips v. Addison*, Case No. 11-5100, 448 Fed. Appx. 817 (10th Cir. Oct. 26, 2011) (wherein the Tenth Circuit recognized that in several unpublished cases it has held that a request for judicial review of a sentence is a discretionary, non-appealable form of relief and does not toll the statute of limitations, citing to *Nicholson v. Higgins*, Case No. 05-7032, 147 Fed. Appx. 7 (10th Cir. Aug. 2, 2005)).[1] Aside from the argument that a Motion for Judicial Review does not toll the statute of limitations, the requested relief was also not properly filed. Pleas for leniency in Oklahoma under § 982(a), must be with the consent of the district attorney if the sentence was imposed pursuant to a plea agreement. Okla. Stat. tit. 22 § 982(a)(A)(Supp. 2010). Petitioner's motions did not include documentation or refer to the consent of the district attorney. Petitioner's motions were not properly filed for this reason. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000)("[A]n application is 'properly filed' when it is delivered and acceptance are in compliance with the applicable laws and rules governing filings"); *see also Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006)("A state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading."); *Willis v. Trammell*, Case No. 11-CV-153, 2012 WL 208103 at *3 (N.D. Okla. Jan. 24, 2012)(petitioner's

---

[1] Unpublished Opinions cited for persuasive value only pursuant to Fed. R. App. P. 32 and 10th Cir. R. 32.1.

motion for judicial review was not "properly filed" for the purpose of tolling the AEDPA statute of limitations where he was sentenced pursuant to a plea agreement and lacked consent of the district attorney).[2] Moreover, even if the Motion tolled the statute of limitations, it would have no effect on the limitations period as the Motion was only pending with the district court for seven days. Even adding seven days to January 19, 2008, the filing of his habeas petition on July 23, 2012, was well out of time. There is no provision in the statute for the filing of a second motion for judicial review. The motions do not toll the statute of limitations.

Petitioner then filed an Application for Post-Conviction Relief on November 15, 2011, outside of his statutory year. Because the Petitioner's Post-Conviction Application was filed after the expiration of his statutory year, it had no tolling effect. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (post-conviction applications filed after the expiration of the statutory year have no tolling effect).

Petitioner has not alleged any facts to support equitable tolling. Petitioner's judgement and sentence was final on January 18, 2007 and his year expired on January 19, 2008. Therefore, his 2012 habeas corpus Petition is untimely and must be dismissed.

---

[2] Unpublished Opinions cited for persuasive value only pursuant to Fed. R. App. P. 32 and 10th Cir. R. 32.1.

        Respectfully submitted,

        **E. SCOTT PRUITT**
        **ATTORNEY GENERAL OF OKLAHOMA**

        <u>**s/DIANE L. SLAYTON**</u>
        **DIANE L. SLAYTON, OBA#11829**
        **ASSISTANT ATTORNEY GENERAL**
        313 NE 21st Street
        Oklahoma City, OK  73105
        (405) 521-3921, Fax (405) 522-4534

        **ATTORNEYS FOR RESPONDENT**
        Service email: fhc.docket@oag.state.ok.us

<u>**CERTIFICATE OF SERVICE**</u>

  **X**  I hereby certify that on August 20, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

  **X**  I hereby certify that August 20, 2012, I served the attached document by mail on the following, who is not a registered participant of the ECF System.

Alphonzo Ray Smallwood, #434394
DCC
P.O. Box 220
Hominy, OK 74035

        <u>s/ DIANE L. SLAYTON</u>