**FILED**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

AUG 30 2012

| | | |
|---|---|---|
| ALPHONSO RAY SMALLWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-407-GKF-TLW |
| | ) | |
| TERRY MARTIN, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Phil Lombardi, Clerk
U.S. DISTRICT COURT

### OBJECTION TO RESPONDENT'S MOTION TO DISMISS
### PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Alphonso R. Smallwood, submits the instant document, objecting to the

Respondent's August 20, 2012, Motion to Dismiss Time Barred Petition. Petitioner objects to

the motion to dismiss in every regard, specifically as follows:

### THE CAUSE OF ACTION ALLEGED IN THE PETITION FOR WRIT OF HABEAS
### CORPUS WAS UNDISCOVERABLE UNTIL AFTER THE ONE-YEAR STATUTE OF
### LIMITATIONS SET FORTH BY THE AEDPA HAD ELAPSED.

The facts supporting the claims set forth in Petitioner's petition for writ of habeas corpus

were not discoverable until an investigation into corruption in the Tulsa Police Department's

Special Investigations Division was brought to light and the officers involved had been taken to

trial. Petitioner will not barrage the Court with all of the facts surrounding the investigation and

conviction of several officers employed by the Tulsa Police Department and incorporates by

reference the records of Northern District Case Nos. 10-CR-116 and 10-CR-117. Petitioner

asserts that this Court should grant Petitioner equitable tolling as the circumstances that

precluded discovery of the supporting facts are certainly "exceptional" and completely outside of

Petitioner's control. See *Gibson v. Klinger*, 2323 F.3d 799, 808 (10th Cir. 2000). Specifically,

the AEDPA's one year statute of limitations is subject to equitable tolling in the rare and

exceptional circumstances such as... "when an adversary's conduct-or other uncontrollable

Mail ___No Cert Svc  ___No Orig Sign

___C/J  ___C/MJ  ___C/Ret'd  ___No Env

___No Cpys  ___No Env/Cpys  ___O/J  ___O/MJ

circumstances prevent a prisoner from timely filing." See *Lazcano v. Zavaras*, 356 Fed.Appx. 99 (C.A. 10 (Colo.) 2009). Such is the case here.

Regarding the Respondent's claim that Petitioner had procedurally defaulted in State court by his failure to follow Rule 4.2(A) of the *Rules of the Oklahoma Court of Criminal Appeals*, Petitioner would again point out that the claims and supporting facts as alleged herein were not discoverable within that ten (10) day time period immediately following his entering a guilty plea.

Petitioner would point out that his Application for Post-Conviction Relief was filed on November 15, 2011, while the proceedings against the disgraced officers was still in progress, in an attempt to satisfy any due diligence requirement and should be taken into account in the Court's decision on the motion to dismiss. He has been diligently pursuing every available avenue for relief since that time.

As is evident above, the charges against the TPD officers were not filed until 2010. The officers went to trial and were found guilty in early 2012. Further, recent testimony offered by former TPD Officer J.J. Gray is relevant in this case in continued support of the egregious malfeasances perpetrated by the TPD. Accordingly, the Court should reject the Respondent's claim that Petitioner's allegations are time barred in its entirety and require that the Respondent prepare a proper response to the claims raised herein. In the alternative, the Court should evaluate each claim and determine the timeliness of each claim individually, based on the facts and circumstances of each claim.

So prayed.

Respectfully submitted,

*Alphonso Smallwood*

Alphonso R. Smallwood

2

COUNTY OF OSAGE     )
                        ) ss:
STATE OF OKLAHOMA   )

## VERIFICATION

I state under penalty of perjury, under the laws of Oklahoma (Title 12 O.S. Supp. 2004 § 426), that the foregoing is true and correct. Executed at the Dick Conner Correctional Center ~ P.O. Box 220 ~ Hominy, Oklahoma 74035-0220, on _____August_____ __29__, 20__12__

_Alphonso Smallwood_
Affiant Name (Print)

_Alphonso Smallwood_
Affiant's Signature

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing instrument has been mailed on the above-declared date, by placing the same in the U.S. mail here at Dick Conner Correctional Center ~ P.O. Box 220 ~ Hominy, Oklahoma 74035-0220, with first-class postage, prepaid, to:

Office of Att. Gen
State of Ok
313 NE 21st St.
OkC, Ok 73105

_Alphonso Smallwood_
Affiant Name (Print)

_Alphonso Smallwood_
Affiant's Signature