**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALPHONZO RAY SMALLWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-CV-407-GKF-TLW |
| ) | |
| TERRY MARTIN, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 5). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 7) to the motion to dismiss. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

On January 8, 2007, in Tulsa County District Court, Case No. CF-2006-1426, Petitioner entered pleas of guilty to Trafficking in Illegal Drugs (Count 1), Failure to Obtain Drug Tax Stamp (Count 2), and Possession of Paraphernalia (Count 3). See Dkt. # 6, Ex. 1. The guilty pleas were entered pursuant to a plea agreement. Id. On that date, he was sentenced to twenty (20) years imprisonment and fined $100,000 on Count 1, four (4) years imprisonment and fined $500 on Count 2, and one (1) year in custody in the Tulsa County Jail on Count 3, with the sentences for Counts

1 and 2 ordered to be served concurrently. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals (OCCA).

On June 14, 2007, Petitioner filed a request for judicial review. See Dkt. # 6, Ex. 2. That request was denied by order filed June 21, 207. Id., Ex. 3. The district court judge determined that Petitioner was not eligible for judicial review.

On September 12, 2007, Petitioner filed a second motion for judicial review. See Dkt. # 6, Ex. 4. The record does not reflect a ruling by the state district court on this motion.

On November 15, 2011, Petitioner filed an application for post-conviction relief. The state district court denied the requested relief on March 19, 2012 (Dkt. # 6, Ex 5). Petitioner appealed to the OCCA. By order filed June 25, 2012, in Case No. PC-2012-337 (Dkt. # 6, Ex. 6), the OCCA affirmed the district court's ruling. Petitioner has since filed additional requests for post-conviction relief. See Dkt. # 6, Ex. 1. His appeal from the district court's denial of his third application for post-conviction relief is presently pending in OCCA Case No. PC-2012-716. See www.oscn.net.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on July 23, 2012. In his petition, Petitioner claims that he was convicted based on a violation of the Fourth Amendment and that his guilty pleas were involuntarily entered as a result of ineffective assistance of counsel. See Dkt. # 1. His claims focus on the use of a confidential informant to procure his arrest and the role played by Tulsa police officers later indicted and tried on corruption charges in this federal district court. Id. Respondent argues that consideration of this habeas corpus petition is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 5, 6.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Petitioner's one-year limitations period began to run, under 28 U.S.C. § 2244(d)(1)(A), when his convictions became final. Because Petitioner failed to file a motion to withdraw his pleas of guilty in Case No. CF-2006-1426, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on January 18, 2007. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to

commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions began to run on January 19, 2007. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after January 19, 2008, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Prior to expiration of the one-year limitations period, Petitioner filed two (2) motions for judicial review. If those applications were a "properly filed application for . . . other collateral review," they could provide for tolling of the one-year limitations period under § 2244(d)(2). See Wall v. Kholi, 131 S. Ct. 1278 (2011) (holding that a motion to reduce sentence under Rhode Island law is an application for "collateral review" that triggers AEDPA's tolling provision provided at 28 U.S.C. § 2244(d)(2)).[1] However, the state district court determined that Petitioner was ineligible for sentence modification and denied his first motion for judicial review. A second motion for judicial review is not contemplated by state law. Although it appears that the state district judge failed to rule on Petitioner's second motion for judicial review, Petitioner is not entitled to tolling of the federal

---

[1] The Court recognizes that in unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is not an "application for State post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244(d)(2). See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, those opinions predate the United States Supreme Court ruling entered in Wall. To date, the Tenth Circuit has not addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law.

limitations period because his motions were not "properly filed" as required under § 2244(d)(2). Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

On November 15, 2011, or more than three (3) years after expiration of the federal limitations period, Petitioner filed his first of several applications for post-conviction relief. See Dkt. # 6, Ex. 1. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceedings commenced by Petitioner after expiration of the limitations period did not toll the limitations period.

In response to the motion to dismiss, Petitioner argues that "the cause of action alleged in the petition for writ of habeas corpus was undiscoverable until after the one-year statute of limitations set forth by the AEDPA had elapsed." See Dkt. # 7. Petitioner's argument is premised on his claim that his convictions were obtained after an illegal arrest and were based on tainted evidence produced by corrupt Tulsa police officers. See id. Petitioner claims that he could not discover those facts until 2010, when criminal charges were filed against Officers Jeff Henderson, Bill Yelton, and Bruce Bonham, all of whom were all involved in Petitioner's arrest. See Dkt. #s 1 and 7.

Even if the Court were to calculate the one-year habeas deadline under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"), Petitioner's habeas petition would still be untimely. The factual

5

predicate of Petitioner's claims arose at the time of his arrest and during his subsequent prosecution. Knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D). See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Therefore, § 2244(d)(1)(D) does not apply to make Petitioner's habeas claims based on allegations of police corruption timely.

Even if the Court accepts Petitioner's argument that he could not know the basis for his claims until the police officers involved in his arrest were later the subjects of an investigation into corruption within the Tulsa Police Department, his petition remains untimely. In his petition, Petitioner specifically cites to the two (2) criminal cases filed against the Tulsa police officers in this federal district court. See Dkt. # 1. He identifies N.D. Okla. Case Nos. 10-CR-116 and 10-CR-117. Id. The Court's records demonstrate that in Case No. 10-CR-116, Tulsa Police Officers Harold R. Wells, Nick Debruin, and Ernest Bruce Bonham were arraigned on July 20, 2010. In Case No. 10-CR-117, Tulsa Police Officers Jeff M. Henderson and William A. Yelton were arraigned on July 20, 2010. Press coverage of the arraignments and subsequent trials was extensive. Even if Petitioner could not have discovered his habeas claims at the time he entered his guilty pleas, the Court finds that, based on Petitioner's own recitation of the facts, he could have discovered, through the exercise of due diligence, the factual predicate of his claims by the time the police officers were arraigned, or by July 20, 2010. Therefore, his one-year limitations period began to run July 21, 2010, and he

6

had one year, or until July 21, 2011, to file a timely federal petition for writ of habeas corpus. He did not file his petition until July 23, 2012, or more than one year after that deadline.

As discussed above, the one-year period would have been tolled, or suspended, while an application for post-conviction relief, properly filed during the one-year period, was pending. However, Petitioner did not filed his first application for post-conviction relief until November 15, 2011, or almost four (4) months after expiration of the one-year period limitations period. As a result, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Clark, 468 F.3d at 714; Fisher, 262 F.3d at1142-43.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner does not assert, and nothing in the record before the Court suggests, that he is entitled to equitable tolling. Therefore, the Court finds that Petitioner is not entitled to equitable tolling.

*CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

DATED THIS 26th day of December, 2012.

_Gregory K. Frizzell_
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT